### THE STATE *v.* E. D. SNEED.

NUISANCE. *Indictment for committing. Requisites of. Locus in quo.* In an indictment for committing a nuisance, no specific designation of the place of the alleged nuisance is required. It is sufficient to allege that the offense was committed in the county where the indictment is found, with such averments as are necessary to constitute the offense.

---

FROM MADISON.

---

Appeal in error from the Common Law Court of Madison county.  T. C. MUSE, J.

ATTORNEY-GENERAL LEA for the State.

HU. C. ANDERSON for Sneed.

DEADERICK, C. J., delivered the opinion of the court.

At the June term, 1885, of the common law and chancery court of Madison county, the defendant was indicted for committing a nuisance. The indictment was quashed and the State has appealed.

The indictment charges that defendant, "on June 15, 1884, and divers days and times from then until the finding of the indictment, in the county of Madison, did unlawfully, in the near neighborhood of divers public streets, where divers persons are constantly passing and repassing, and of divers dwelling-houses, inhabited and occupied by divers other citizens, keep and maintain and carry on a certain slaughter-house, for the slaughter of cattle, in such a manner that foul, noisome and offensive odors, smells and stenches, were emitted, etc., and permitted, then and there, offal, entrails, etc., of said cattle, and other filthy and offensive substances, to remain, etc., to the common nuisance and annoyance," etc.

The indictment was quashed for want of a sufficiently specific designation of the place of the alleged nuisance. The place is charged to be in Madison county, in the near neighborhood of divers public streets.

In *Cornell* v. *State*, the indictment charged Cornell with causing and suffering offal, filth, etc., to be collected and remain "on Commerce street, in the city

of Memphis," etc.    It appeared in evidence, that the nuisance complained of was upon the back part of lot No. 83, Commerce street.    It was held by this court that the description of the *locus in quo* was not sufficiently definite;  that the indictment charged the place as a street, whereas, the evidence showed it to be upon a lot.    The charge in the indictment was specific, and it was perhaps proper, in that case, to hold that the averments should be supported by proof.    But in criminal cases, ordinarily, it is sufficient to allege that the offense was committed in the county where the indictment is found, with such averments as are necessary to constitute the offense charged.    Thus, profanity must, to be indictable, be in a public place, and so charged, but the particular locality need not be charged, and so of most other offenses.    It does not appear why, in this case, it is necessary that the particular locality of the nuisance should be averred.

We think the offense and venue are sufficiently set out in the indictment, and that the judgment of the court below, in quashing the indictment, was erroneous, and the same will be reversed and the cause remanded for further proceedings.